DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

FLAGSTAR BANK, FSB,

    Plaintiff,

v.

MARJORIE CADDEN,

    Defendant.

No. 1:13-CV-00004

# CONSENT JUDGMENT

Plaintiff FLAGSTAR BANK, FSB ("Flagstar") and Defendant MARJORIE CADDEN ("Cadden"), have consented to the entry of this Judgment in favor of Flagstar, pursuant to V.I. Code Ann. tit. 5, § 421. The parties have agreed that entry of this Order resolves all matters in dispute between them arising from the facts and circumstances alleged in the pleadings. The Court accepts the settlement of the Parties to which they have agreed as follows:

## FINDINGS

1. Flagstar is a federally chartered savings bank organized under the laws of the state of Michigan with its principal place of business located at 5151 Corporate Drive, Troy, Michigan 48098.

2. Cadden is an individual and a citizen of New York for diversity purposes.

3. This Court has subject-matter jurisdiction over this matter under 48 U.S.C. § 1612(a) and 28 U.S.C. §§ 1332 and 1348 as complete diversity exists between Plaintiff and Defendant and the amount in controversy exceeds $75,000 exclusive of costs and fees.

4. This Court has personal jurisdiction over Cadden pursuant to the Virgin Islands "long-arm" statute, V.I. Code Ann. tit. 5, § 4903(a)(5), because Cadden has an interest in, uses, or possesses real property on St. Croix, U.S. Virgin Islands.

5. Venue is proper in this Court under 28 U.S.C. § 1391(a) because the property that is the subject of this action is situated in the United States Virgin Islands and because Defendant

is subject to personal jurisdiction in the United States Virgin Islands at the time of the commencement of this suit.

6. Cadden is the titleholder of record to real property described as:

> Condominium Unit 102 in Mill Harbour, a Condominium according to a Declaration of Condominium, dated November 24, 1969, filed for recording on November 25, 1969 in the Office of the Recorder of Deeds, Office of the Government Secretary, Christiansted St. Croix USVI, and recorded under receiving number 4609/69, together with a 1.054% undivided interest in the common areas and facilities declared to be appurtenant to the above described condominium unit (the "Property").

7. On June 5, 2006, Cadden executed and delivered to Schaffer Mortgage Corporation ("Schaffer") a promissory note (the "Note") obligating herself to pay the principal amount of $90,400.00, together with interest at the rate of 6.500% per annum. The Note was subsequently conveyed to Flagstar

8. Pursuant to the terms of the Note, payments were to be made by equal consecutive monthly installments of $571.39 beginning August 1, 2006 until all amounts are fully paid, but no later than July 1, 2036.

9. The Note further provides that any monthly payment that is not received by the end of 15 calendar days after the date that it is due shall be subject to a late fee that is calculated as of any overdue payment of principal and interest.

10. To secure payment of the Note, Cadden granted to Schaffer and Mortgage Electronic Registration Systems, Inc. ("MERS") a first priority mortgage dated June 5, 2006 (the "Mortgage") over the Property. The Mortgage was duly recorded with the Recorder of Deeds for the District of St. Croix ("the Recorder") on June 12, 2006 at 2006002831.

11. The Mortgage provides that Cadden shall pay the payments due under the Note.

12. On or about July 1, 2012, Cadden defaulted under the terms and conditions of the Note, in that monthly installments of principal and interest became due pursuant to the Note and were unpaid.

13. Likewise, Cadden defaulted under the terms and conditions of the Mortgage, in that monthly installments of principal, interest, and other charges became due pursuant to the Note and Mortgage and remained unpaid.

14. Flagstar gave notice of default to Cadden by correspondence dated August 16, 2012, and addressed to Cadden at the addresses last given to Flagstar, which advised Cadden that failure to cure the default would result in acceleration of the debt and foreclosure of the mortgage lien.

15. On or about November 8, 2012, MERS, for itself and as nominee for Schaffer Mortgage Corporation, assigned its entire interest in the subject property to Flagstar (the "MERS Assignment"). The MERS Assignment was duly recorded with the Recorder on November 23, 2012 in Book 1332, page 438, as Document No. 2012004123.

16. To date, the default has not been cured and Cadden remains in default under the terms of the Note.

17. Likewise, to date, Cadden remains in default under the terms of the Mortgage.

18. Pursuant to the terms of the Note, Flagstar has elected that the whole principal sum with all unpaid accrued interest shall be immediately due and payable.

19. As of May 1, 2014, there is due and owing to Flagstar from Cadden the principal sum of $77,262.25; plus accrued interest from June 1, 2012 to May 1, 2014 in the amount of $9,625.50, which interest continues to accrue at the rate of $13.76 per diem; plus escrow advances in the amount of $3,852.17; plus accumulated late charges in the amount of $428.55; plus inspections or other property preservation fees and charges in the amount of $185.00; for a total indebtedness of $91,353.47.

20. Flagstar is entitled to collect all sums due under the Note from Marjorie Cadden.

21. Flagstar is entitled to foreclose its lien on the Property toward satisfaction of the debt due under the Note and Mortgage.

22. Under the terms of the Note and Mortgage, Flagstar is entitled to be reimbursed for reasonable attorney fees in the amount of $8,221.25 and legal fees in the amount of $834.56 incurred by Flagstar to enforce payment of the Note or incidental to foreclosure of the Property.

23. Cadden is not a minor or incompetent and she is not in the military service of the United States as defined in the Servicemember's Civil Relief Act of 2003, codified at 50 U.S.C. App. § 521(b)(1).

24. The Parties represent that they have engaged in good-faith efforts to resolve this matter and that this Consent Judgment is the product of those efforts.

25. Flagstar and Cadden consent to the entry of Judgment as set forth below, and there is no reason why Judgment should not issue in this matter.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that Flagstar holds a first-priority lien against the Property; and

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Flagstar is awarded final judgment against Marjorie Cadden in the amount of $77,262.25; plus accrued interest in the amount of $9,625.50; plus escrow advances in the amount of $3,852.17; plus accumulated late charges in the amount of $428.55; plus inspections or other property preservation fees and charges in the amount of $185.00; for a total indebtedness of $91,353.47; and

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that such indebtedness shall accrue interest in the amount of $13.76 per diem from May 1, 2014, until the date of entry

of this Judgment, plus interest at the statutory rate from the date of entry of this Judgment until this Judgment is satisfied; and

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Flagstar is awarded reasonable attorneys' fees in the amount of $8,221.25 and legal fees in the amount of $834.56 to be added to Judgment debt; and

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Flagstar may seek an additional award of subsequent costs and attorneys' fees to be determined upon appropriate application filed any time prior to entry of an Order confirming the sale of the Property; and

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Flagstar's Mortgage and all other liens subsequent or inferior to Flagstar's Mortgage are hereby FORECLOSED; and

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the Property shall be sold by the United States Marshal according to law at a judicially-supervised sale and the proceeds of such sale shall be applied first to the expenses associated with any sale, including but not limited to the costs of publication and the commission assessed by the United States Marshal's Service pursuant to 28 U.S.C. §1921, and then toward satisfaction of this Judgment in favor of Flagstar, including any costs and attorneys' fees that may be awarded upon application and any sums that may be paid by Flagstar for insurance premiums, taxes and expenditures necessary to maintain the Property pending sale with interest from the date of any such payment; and

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that any surplus remaining after the application of the proceeds as provided above shall be distributed in accordance with 5 V.I.C. § 489; and

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that time is of the essence for the payment of all amounts in connection with the Marshal's Sale; and

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that at any time, before or after the Marshal's Sale, Flagstar shall be allowed to assign any or all of its rights under this Judgment or any other Order of this Court, in whole or in part, to one or more assignee(s) or nominee(s) without notice or approval of any kind; and

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Flagstar and its nominee(s) and assignee(s) shall credit bid the full amount of this Judgment at such sale and shall be allowed to transfer and/or assign any bids; and

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that:

1. Pursuant to V.I. Code Ann. tit. 5, §484 (1997), notice of the Marshal's sale shall be posted for four weeks prior to the sale in a public place in or near the Office of the Clerk of the Court; and published once a week for at least four consecutive weeks prior to the sale in a newspaper regularly issued and of general circulation in the U.S. Virgin Islands. The notice shall describe the Property as set out above and shall contain the terms and conditions of sale as set out herein.

2. The terms and conditions of the sale shall be as follows:

    a. The Property shall be seized and sold at public sale at the Office of the U.S. Marshal, 3013 Estate Golden Rock, St. Croix, U.S. Virgin Islands;

    b. The terms of sale as to all other persons or parties bidding shall be bank check, money order, or other certified funds. The successful bidder shall be required to deposit with the United States Marshal cash equal to 10% of his total bid at or before 5:00 p.m. on the date of sale; and the remaining ninety percent 90% of said purchase price to be paid on or before 5:00 p.m. within thirty days, inclusive, of the date of sale.

    c. The successful bidder shall be responsible for the payment of stamp taxes, recording fees and related charges associated with obtaining and recording a deed to the Property.

    d. The United States Marshal shall make a report of sale within ten (10) days from the date of sale.

  3. Flagstar shall have any and all writs necessary to execute the terms of this Judgment; and

  **IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Marjorie Cadden and all persons claiming from or under her shall be forever barred and foreclosed from all rights of redemption and claims to the Property; and

  **IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Marjorie Cadden waives her statutory redemption rights in accordance with 28 V.I.C. § 535; and

  **IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Flagstar waives its right to a deficiency judgment against Marjorie Cadden for any deficiency that may remain after the sale of the Property; and

  **IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that copies of this Judgment shall be directed to counsel of record and shall be served by the U.S. Marshal on Marjorie Cadden.

  **IT IS SO ORDERED.**

DATED: May 27, 2014

                    Wilma A. Lewis
                    Chief Judge